# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. GILLESPIE,<br><br>Defendant. | Case No.: RDB-23-0321 |

## PROPOSED INTERVENORS' MOTION FOR LIMITED INTERVENTION, TO UNSEAL JUDICIAL RECORDS, AND FOR NARROW IN CAMERA REVIEW

## INTRODUCTION

1. The Court received records for sentencing and sealed them because defense counsel called them "sensitive." The Fourth Circuit requires more. By default, sentencing records are open. Sealing any records requires a compelling interest, a present probability of harm, and proof that redaction will not work. The existing motions establish none of that. The Court should release the records, redact only what still requires protection, and identify which judicial records contain the names that the public filings replaced with labels.

2. Vertex TL LLC and Aching Oak LLC therefore move to intervene for the limited purpose of enforcing the First Amendment and common-law rights of access. They seek ECF Nos. 30 and 34, any unredacted judicial versions of ECF Nos. 23 and 32, and access to Government Exhibit 1 if the Court admitted, viewed, played, or relied on it.

They also seek the identities of Co-Conspirator 1, Co-Conspirator 2, and the Baltimore City employee or employees who participated in the scheme, but only to the extent those identities appear in records submitted to or relied upon by the Court.

3. Vertex and Aching Oak seek a narrower review of ECF No. 24, the sealed plea supplement. They do not seek disclosure of whether Gillespie cooperated, the terms or extent of any cooperation, witness-safety information, or facts that could compromise an ongoing investigation. They ask the Court to review ECF No. 24 in camera and release only segregable information identifying a Baltimore City official or employee, a participant already charged, convicted, or publicly identified, or another participant whose identity can be released without revealing cooperation or creating a specifically established current risk.

4. Vertex and Aching Oak do not seek public release of ECF No. 26, the presentence report. They ask, only in the alternative and only if less protected judicial records do not supply the information, for limited in camera review of any discrete passage identifying a City official or another participant involved in manipulating Baltimore property accounts. Disclosure would follow only if the Court finds a particularized special need and finds that the information is unavailable from less protected sources.

## BACKGROUND

5. The Government's public sentencing memorandum describes an eight-year bribery scheme inside Baltimore City's property-account system. Gillespie accepted more than $250,000 in bribes and caused more than $1.25 million in City losses. ECF No. 32 at

2, 7. In exchange, he removed or delayed taxes, water charges, citations, and other property obligations; created records showing debts paid when they were not; and delayed obligations to prevent City liens from attaching. *Id.* at 4–7.

6. The same filing identifies the people around Gillespie only by labels. Co-Conspirator 1 obtained property addresses, arranged bribes, and sent the addresses to Gillespie. *Id.* at 5–6. Co-Conspirator 2 referred property owners, arranged payments, and received receipts falsely showing that City obligations had been paid. *Id.* at 6. Gillespie also claimed that he had a "girl" in "water" who could "wipe" obligations from City records. *Id.* at 4. These were central participants in the conduct the Court considered at sentencing. Their identities remain absent from the public record.

7. Later events show why sealing must be reviewed against current facts. The United States has since publicly identified and prosecuted James Carroll Erny Jr. for paying Gillespie at least $25,000 to extinguish more than $145,000 in Baltimore City obligations. U.S. Attorney's Office, Baltimore County Man Sentenced for Bribing Former Baltimore City Finance Official (July 23, 2026). A name once tied to an investigation may no longer require protection after a public prosecution. The law requires the Court to make that inquiry person by person and record by record.

8. The sentencing submissions remain sealed on substantially less. ECF No. 29 asked the Court to seal correspondence and Exhibits 1A through 1BB because they "contain matters of a sensitive nature and serve no purpose to have them exposed to public viewing." ECF No. 29 at 1. The motion identified no threatened harm and did not

address redaction. The Court granted the motion through the paperless order at ECF No. 31, which contains no public findings.

9. ECF No. 33 repeated the same language and sought to seal additional correspondence and an exhibit. ECF No. 33 at 1. The Court granted that motion through the paperless order at ECF No. 35. The order was entered the same day as the motion and contains no public findings. The public docket reflects no practical opportunity to object before the Court ruled.

10. The docket also identifies Government Exhibit 1 as the "Covert Video of Gillespie Bribe Payment." ECF No. 39. The exhibits were later returned to counsel. ECF No. 40. The public docket does not establish whether the Court admitted, played, reviewed, or relied on that exhibit.

11. Vertex and Aching Oak purchase and hold Baltimore City tax-sale certificates. Their rights depend on accurate City records of property taxes, water obligations, citations, liens, payments, credits, and adjustments. Vertex holds [insert exact Baltimore City certificates, properties, or proceedings relevant to the request]. Aching Oak holds [insert exact Baltimore City certificates, properties, or proceedings relevant to the request]. [Insert any confirmed unexplained adjustment, redemption dispute, lost lien, added cost, or other injury tied to the accuracy of City property-account records.] Those facts sharpen their interest in access. The First Amendment supplies an independent interest even without them.

## ARGUMENT

### I. Vertex and Aching Oak may intervene because denial of access is itself a redressable injury.

12. Any member of the public may seek judicial records because "anyone who seeks and is denied access to judicial records sustains an injury." *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014). Vertex and Aching Oak seek records that the sealing orders deny them. An order granting access would remedy that injury.

13. Limited intervention is the accepted procedure for presenting the access claim. *Pub. Citizen* recognized that nonparties seeking court records have an interest independent of the original controversy and may challenge sealing after judgment. *Id.* at 265 ("Their interest in the litigation is that of a third party seeking access to documents filed with the court."). Intervention will not disturb Gillespie's conviction, sentence, or any adjudicated right.

14. Vertex and Aching Oak also have a concrete reason to examine the record. They hold Baltimore tax-sale certificates whose value and enforcement depend on the same City property-account system that Gillespie manipulated. But *Pub. Citizen* makes the narrower point dispositive: denial of access is enough.

### II. ECF Nos. 30 and 34 must be unsealed or publicly redacted because conclusory "sensitivity" cannot sustain blanket sealing.

#### A. The First Amendment presumptively opens records submitted for sentencing.

15. The common law presumptively reaches "all judicial documents and records." *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020). The First Amendment is narrower but stronger. It directly reaches "documents filed in connection with plea

hearings and sentencing hearings in criminal cases." *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

16. ECF Nos. 30 and 34 were submitted to the Court for sentencing. If the Court reviewed them in selecting Gillespie's sentence, they performed the precise judicial function that triggers the First Amendment right. At minimum, they fall within the common-law presumption governing judicial records.

17. The same analysis applies to any unredacted versions of ECF Nos. 23 and 32 submitted to or reviewed by the Court. The public versions use anonymous labels. The parties should identify whether the Court received versions containing the participants' names. If no such judicial versions exist, this motion does not require anyone to create them.

**B. The existing motions and orders cannot satisfy the governing standard.**

18. The Court must determine the source of access "with respect to each document" before weighing the competing interests. *Doe*, 962 F.3d at 145-46. Under the First Amendment, sealing is lawful "only if" closure protects a compelling interest, a "substantial probability" exists that disclosure would harm that interest, and "there are no alternatives to closure" that would provide adequate protection. *Id.* at 146-47 (quoting *Washington Post*, 807 F.2d at 392).

19. And the findings must be real. A court must rely on "specific factual findings," not "conclusory assertions alone." *Id.* at 147. The procedure requires public notice, a reasonable opportunity to object, consideration of less restrictive alternatives,

and "specific findings" supporting each restriction and the rejection of those alternatives. *Pub. Citizen*, 749 F.3d at 272.

20. Local Rule 207.2 imposes the same discipline. A post-arrest sealing motion must supply "specific factual representations" justifying sealing and explain "why alternatives to sealing would not provide sufficient protection."

21. ECF Nos. 29 and 33 fail at every part of that test. "Sensitive" identifies no compelling interest. The motions identify no person facing harm, no nature or probability of harm, no investigation that disclosure could impair, and no reason redaction would fail. The public orders add no findings. The Government's lack of opposition could not waive a right that belongs to the public.

22. The result follows. The Court may unseal ECF Nos. 30 and 34. Or it may identify a present interest, find a substantial probability of harm, explain why a particular redaction is necessary, and release everything else. The public record cannot sustain blanket sealing.

**C. The conclusion of the prosecution requires a current showing, not reliance on conditions that existed before sentencing.**

23. Gillespie has been sentenced. The criminal case has concluded. Another participant has since been publicly prosecuted and sentenced. A risk that may have existed before sentencing may have ended, narrowed, or shifted.

24. A current investigation can justify protection only upon "specific underlying reasons" showing "how the integrity of the investigation reasonably could be affected." *Doe*, 962 F.3d at 147 n.9. Cooperator safety can also justify sealing because

"protecting cooperators from harm is a compelling interest." *Id.* at 148. But even then, "conclusory statements cannot alone establish a substantial probability of harm." *Id.*

25. The present record contains only conclusory statements. Continued sealing therefore requires a new, document-specific showing based on present facts. Anything less carries a temporary sealing decision forward by inertia.

**III. ECF No. 24 warrants narrow in camera review because cooperation can remain protected while segregable identity information is released.**

26. The First Amendment right applies to "documents filed in connection with plea hearings." *Washington Post*, 807 F.2d at 390. ECF No. 24 is a plea supplement. It therefore requires constitutional review even if much or all of it properly remains sealed.

27. Vertex and Aching Oak do not seek disclosure of whether Gillespie cooperated, what he disclosed, whom he implicated through cooperation, any promised benefit, any confidential investigative fact, or any information that could expose a witness to harm. Those matters may remain protected upon the findings required by *Doe*.

28. But full sealing does not follow merely because the document may contain protected material. The Court should review ECF No. 24 in camera and determine whether it also contains segregable information identifying a City official or employee, a charged or convicted participant, a person already publicly identified, or another participant whose identification would reveal no cooperation and create no specifically established current risk.

29. If such information is segregable, the First Amendment requires its release. If disclosure of a name would necessarily expose cooperation, endanger a person, or

compromise an active investigation, the Court may retain that redaction, explain the governing interest without exposing the protected facts, and set a date for renewed review.

**IV. ECF No. 26 warrants only conditional in camera review because presentence reports require a particularized special need.**

30. Local Rule 213.1 provides that a presentence report ordinarily "is a confidential internal court document to which the public has no right of access." D. Md. L.R. 213.1(a). Vertex and Aching Oak do not seek wholesale public release of Gillespie's report and do not claim an ordinary public right to obtain it.

31. Third-party access requires more because courts "have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *U.S. Dep't of Just. v. Julian*, 486 U.S. 1, 12 (1988). Vertex and Aching Oak accept that standard.

32. The Court should first examine ECF Nos. 23, 24, 30, and 32 through 34 and determine the judicial status of Government Exhibit 1. If those records identify the participants, the PSR request ends.

33. But if the less protected records do not supply the information, and ECF No. 26 alone contains a discrete passage identifying a City official or participant involved in manipulating Baltimore property accounts, Vertex and Aching Oak request review of that passage in camera. Disclosure would follow only upon a finding that their confirmed interests establish a particularized special need and that the information is unavailable from a less protected source. Otherwise, the Court should deny that request without

prejudice to renewal after Vertex and Aching Oak establish a more specific connection between an anonymous participant and an affected account, certificate, or proceeding.

## V. The Court should identify which judicial records contain the anonymous names and release every identity not supported by current, person-specific findings.

34. The public record establishes that several people joined or facilitated the scheme. What remains unknown is which judicial records contain their names and whether any current interest still justifies concealing each identity. The parties know which versions they submitted. The Court knows which versions it received and relied upon. A short status response can answer the first question without creating evidence or disclosing investigative files.

35. The second question must be answered person by person. A participant already charged, convicted, or publicly named cannot invoke the same interest that may protect an uncharged private person. A City employee's conduct in manipulating public accounts also carries a public interest absent from purely private conduct.

36. A specific finding may still justify redacting the name of an uncharged person. *United States v. Smith* protected a discrete, overinclusive list because disclosure would cause "extremely serious, irreparable, and unfair prejudice" to people whom the Government had named with a deliberately "broad brush." *United States v. Smith*, 776 F.2d 1104, 1113–15 (3d Cir. 1985). But *Smith* sealed one list and required release when a listed person was indicted. *Id.* at 1115.

37. *Smith* therefore supplies no basis for sealing entire sentencing submissions or concealing information about City procedures, properties, dates, accounts,

participating departments, charged persons, or names already made public. At most, it permits a focused identity redaction supported by findings about that person. Everything else must be released.

### VI. Government Exhibit 1 must receive access review if the Court admitted, viewed, played, or relied upon it.

38. The common law recognizes "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Government Exhibit 1 became a judicial record if the Court admitted, viewed, played, or relied upon the covert video when imposing sentence.

39. Its later return to counsel did not erase any judicial use. If the Court used the exhibit, it should direct the Government to lodge a copy and provide public access. A face, name, or passage may be redacted only upon the findings that govern every other judicial record.

40. If the exhibit never entered the judicial process, the access claim does not reach it. Vertex and Aching Oak do not ask the Government to create a new record or disclose evidence that never became a judicial record. But information placed before the Court and used to impose sentence cannot revert to ordinary investigative material when the hearing ends.

## CONCLUSION

41. Vertex and Aching Oak request limited intervention and an order unsealing ECF Nos. 30 and 34, including their attachments. If any portion still requires protection,

they request public redacted versions releasing all segregable information and a public order making document-specific findings for each withheld portion.

42. They request an order directing the parties to identify which records submitted to or relied upon by the Court contain the identities of Co-Conspirator 1, Co-Conspirator 2, the Baltimore City "girl" in "water," or any other City official or employee who participated in manipulating property accounts. They request release of each identity for which no present, specifically established interest satisfies the governing standard.

43. They request in camera review of ECF No. 24 limited to segregable identity information. Any disclosure should preserve cooperation, cooperation terms, witness-safety information, confidential investigative facts, and information whose release would create a specifically established current risk or compromise an ongoing investigation.

44. Only if less protected judicial records fail to supply the information, Vertex and Aching Oak request limited in camera review of any discrete passage in ECF No. 26 identifying a City official or participant involved in manipulating Baltimore property accounts. They request disclosure only upon findings of particularized special need and unavailability from less protected sources. Otherwise, they request denial without prejudice to renewal upon a more specific factual showing.

45. They also request a determination whether Government Exhibit 1 was admitted, played, reviewed, or relied upon. If it was, they request that the Government

lodge a copy and that the Court provide access subject only to redactions supported by the required findings.

46. For every record or identity that remains sealed, Vertex and Aching Oak request a public order identifying the governing source of access, the interest protected, the substantial probability of current harm, and why a narrower alternative will not work. They request review of any continued identity redaction within 180 days and expiration of that redaction absent a renewed, current showing.

**WHEREFORE**, Vertex TL LLC and Aching Oak LLC respectfully request limited intervention, the unsealing and in camera relief specified above, disclosure of all segregable information, document-specific findings for any continued sealing, and such other relief as justice requires.

Respectfully submitted[1],

/s/ *Steven Tessler*
Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Counsel for Proposed Intervenors Vertex TL LLC and Aching Oak LLC*

[1] Intervenor notes that by default all citations are cleaned up and emphasis is added unless otherwise noted.

**Certificate of Service**

I hereby certify that on September _____, 2026, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

/s/ *Steven Tessler*
Steven Tessler