# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH A. GILLESPIE,

Defendant.

Case No.: RDB-23-0321

## [PROPOSED] ORDER

Upon consideration of the Proposed Intervenors' Motion for Limited Intervention, to Unseal Judicial Records, and for Narrow In Camera Review, any response, and the record, it is this _____ day of _______________, 2026, **ORDERED** that the Motion is **GRANTED** as set forth below.

It is further **ORDERED** that Vertex TL LLC and Aching Oak LLC may intervene for the limited purpose of asserting the public's First Amendment and common-law rights of access to the judicial records at issue. This intervention does not reopen Defendant's conviction, sentence, or any adjudicated right.

It is further **ORDERED** that, within fourteen days after entry of this Order, the filing party shall place ECF Nos. 30 and 34, including their attachments, on the public docket. A party seeking continued protection of any portion must file, within the same period, a public notice identifying the record at issue and a sealed submission that supplies a proposed narrowly redacted public version and states, for each proposed

redaction, the interest protected, the substantial probability of current harm, and why no narrower alternative will provide adequate protection. Any portion for which no such showing is made shall be unsealed.

It is further **ORDERED** that, within fourteen days after entry of this Order, the parties shall identify whether any unredacted versions of ECF Nos. 23 and 32 were submitted to, reviewed by, or relied upon by the Court. If such versions exist, the filing party shall lodge them for review and file public versions releasing all information that can be segregated from material supported by the required findings. If no such judicial versions exist, the parties shall certify that fact.

It is further **ORDERED** that the parties shall identify each judicial record that contains the names of Co-Conspirator 1, Co-Conspirator 2, the Baltimore City employee described as the “girl” in “water,” or any other Baltimore City official or employee who participated in or facilitated the scheme. Each identity shall be disclosed unless a party establishes, through person-specific and current facts, that disclosure would create a substantial probability of harm to a compelling interest and that no narrower alternative would provide adequate protection.

It is further **ORDERED** that the Court will review ECF No. 24 in camera. That review is limited to determining whether ECF No. 24 contains segregable information identifying a Baltimore City official or employee, a participant already charged, convicted, or publicly identified, or another participant whose identity may be released

without revealing cooperation or creating a specifically established current risk. Nothing in this Order requires disclosure of whether Defendant cooperated, the terms or extent of any cooperation, witness-safety information, confidential investigative facts, or information that would compromise an ongoing investigation. The Court will release only segregable information that can be disclosed without exposing those protected matters.

It is further **ORDERED** that ECF No. 26 shall not be released publicly. If the less protected judicial records identified above do not disclose the requested information, the Court will conduct a limited in camera review to determine whether ECF No. 26 contains a discrete passage identifying a Baltimore City official or another participant involved in manipulating Baltimore property accounts. No portion of ECF No. 26 shall be disclosed unless the Court finds a particularized special need and determines that the information is unavailable from a less protected source. Any denial of disclosure under this paragraph is without prejudice to renewal upon a more specific factual showing.

It is further **ORDERED** that, within fourteen days after entry of this Order, the Government shall state whether Government Exhibit 1, identified at ECF No. 39 as the "Covert Video of Gillespie Bribe Payment," was admitted, played, reviewed, or relied upon by the Court. If it was, the Government shall lodge a copy with the Court and submit a public version unless it establishes the need for specific redactions under the governing access standard.

It is further **ORDERED** that the Court shall release all segregable information. Any information that remains sealed shall be addressed through a public order that identifies the governing source of access, the interest protected, the substantial probability of current harm, and why a narrower alternative will not provide adequate protection.

It is further **ORDERED** that any continued redaction of a participant's identity shall be reviewed within 180 days after entry of this Order and shall expire unless supported by a renewed showing based on facts then existing.

Date: ___________________ ________________________________

Richard D. Bennett
United States Senior District Judge