**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. RDB-23-321** |
| | : | |
| **JOSEPH GILLESPIE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**oooo0oooo**

## GOVERNMENT'S RESPONSE TO INTERVENORS' MOTION TO UNSEAL

The United States of America, by and through Kelly O. Hayes, United States Attorney for the District of Maryland, and Harry M. Gruber and Catriona Coppler, Assistant United States Attorneys, responds to ECF 43, the motion to unseal portions of the record that was filed by proposed Intervenors Vertex TL LLC and Aching Oak LLC ("Intervenors"). The government submits that some aspects of Intervenors' motion are moot because the materials are already not under seal, other parts of the motion the government opposes, and the government has no objection to unsealing certain filings and/or redacted versions thereof.

### Third-Party Intervention

In *United States v. Bas*, 2022 WL 1270841 (D. Md. Apr. 28, 2022), then Chief Judge Bredar addressed the permissibility of third-party intervention seeking to unseal certain filings in a criminal case. The *Bas* opinion stated as follows:

> The Fourth Circuit has confirmed that the First Amendment right of access also permits third-party intervention, though it has not identified the exact mechanism for doing so in district court. *See Rosenfeld v. Montgomery County Public Schools*, 25 F. App'x 123, 131-32 (4th Cir. 2001) ("It is this public right of access that gives third party press intervenors standing to intervene on appeal to seek review of sealing orders of the district courts.") (emphasis in original); *see also United States v. Moussaoui*, 65 F. App'x 881, 884 (4th Cir. 2003) (granting motion to "intervene for the limited purpose of obtaining access to certain portions of the record and oral arguments"). Other circuits have similarly affirmed the propriety of "a motion to intervene to assert the public's First Amendment

> right of access to criminal proceeding is proper" or have permitted members of the public to assert this right through more informal means, such as a letter sent to the district court. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (permitting motion to intervene); *United States v. Kravetz*, 706 F.3d 47, 51 (1st Cir. 2013) (considering propriety of sealing order in light of third-party request to sealed documents).

*Id*. at *1. Other circuit courts have issued rulings to similar effect. *See, e.g., United States v. Ahsani*, 76 F.4th 441 (5th. Cir. 2023) (discussing legal standards, but finding continued sealing of materials necessary).

In *Bas*, Judge Bredar held that courts have generally "not required a putative intervenor to satisfy the intervention standards set by Federal Rule of Civil Procedure 24 where intervention is limited to asserting the right to access case documents." *Id*. Here, the proposed Intervenors allege that they "purchase and hold Baltimore City tax-sale certificates. Their rights depend on accurate City records of property taxes, water obligations, citations, liens, payments, credits, and adjustments."[1] ECF 43 at 4. For the limited purpose of seeking First Amendment access, Intervenors appear to satisfy the standards discussed in *Bas*. Accordingly, the government proceeds to the merits.

<u>The Plea Agreement (ECF 23), Government Sentencing Memorandum (ECF 32), and Government Ex. 1 at Sentencing</u>

The plea agreement and government sentencing memorandum are not under seal.

---

[1] Intervenors' pleading contains what appears to be incomplete boilerplate language: "Vertex holds [insert exact Baltimore City certificates, properties, or proceedings relevant to the request]. Aching Oak holds [insert exact Baltimore City certificates, properties, or proceedings relevant to the request]. [Insert any confirmed unexplained adjustment, redemption dispute, lost lien, added cost, or other injury tied to the accuracy of City property-account records.]" ECF 43 at 4. The Court could require them to file a corrected motion to intervene. *See Cosner v. Ryan*, No. 2:25-CV-21, 2026 WL 2819074, at *9 (N.D.W. Va. Mar. 30, 2026) (explaining court's ability to find a deficiency and file required information); *Idleman v. United States*, 2020 WL 12957523, at *2 (N.D.W. Va. Apr. 28, 2020) (same). Moreover, this Court's inherent authority to manage its cases supports requiring a party to refile a motion missing intended language. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *United States v. Parsons*, 753 F. App'x 169, 170 (4th Cir. 2019).

The Intervenors could access these materials in PACER or at the Clerk's Office. Therefore, the government submits that this portion of the motion to unseal should be denied as moot. *See, e.g.*, *United States v. Sanganza*, 2017 LEXIS 218630, at *1 (E.D. Va. Aug. 2, 2017) (denying a motion to unseal as moot where documents were already publicly available). According to Assistant United States Attorney Paul Riley, the video in Exhibit 1 was played in open court at sentencing. If the Intervenors wish to review the video that is Exhibit 1, the government could supply it to the Court for review by the Intervenors in the Clerk's Office.

<u>The Sealed Supplement (ECF 24), the Presentence Report (ECF 26)</u>

Over the years, there have been numerous unfortunate incidents in this District involving obstruction of justice and witness intimidation. Multiple cooperating witnesses and defendants have been seriously injured and killed as a result of cooperating with law enforcement and/or providing truthful information to this Court. They also have suffered other harms, including intimidation and threats. Numerous Judges of this Court have recognized this unfortunate reality, and the need to seal portions of criminal records in response. *See, e.g.*, *United States v. DOJ*, 486 U.S. 1, 12 (1988) (noting a reluctance to unseal certain matters in criminal cases due to the "chilling effect on the willingness of various individuals to contribute information"). As a result, certain criminal materials must remain under seal *in all cases* to conceal and protect cooperation information.

Accordingly, this Court has adopted a practice of sealing the sealed supplement to the plea agreement in every case in an effort to avoid violence and obstruction of justice related to cooperating defendants in criminal cases. The Intervenors' own motion concedes that information about cooperation or the absence thereof should not be

unsealed. *See, e.g.*, ECF 43 at 8 ("Vertex and Aching Oak do not seek disclosure of whether Gillespie cooperated, what he disclosed, whom he implicated . . .").

Moreover, the presentence report contains extensive confidential information about defendants and victims that should not be publicly available. This Court has historically maintained presentence reports under seal. *See* Local Rule 213.1(a) (providing in relevant part that a presentence report is "a confidential internal court document to which the public has no right of access"); *see also United States v. Trevino*, 89 F.3d 187, 192 (4th Cir. 1996) (noting that the confidentiality of presentence reports "has always been jealously guarded by the drafters of the federal rules, and by the federal courts").

Intervenors concede that the presentence report should not be released without a showing of specialized need. *See* ECF 43 at 9 (quoting *Department of Justice v. Julian*, 486 U.S. 1, 12 (1988)). Generally, in the Fourth Circuit, "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976). Generalized and unsupported assertions of need are insufficient to satisfy this burden. *See, e.g.*, *United States v. Dove*, 2008 WL 4820110 (E.D. Va. Nov. 4, 2008) (denying motion to unseal presentence report where the intervenor failed to make a specific showing of need by which disclosure is required to meet the ends of justice). The government submits that Intervenors have failed to meet the applicable standard.

Moreover, to the extent that portions of the presentence report contain information about the offense conduct or other confidential information, Intervenors could obtain that information elsewhere in the public record. *See, e.g.*, *United States v. Greene,* 2023 LEXIS 47114, at *2-3 (W.D.N.C. Mar. 21, 2023) (denying a motion to unseal in part

because some of the requested information was available in the public record and court transcripts). For example, the statement of the offense conduct and guidelines were set forth in the plea and discussed at the Rule 11 hearing and sentencing.

These reasons are more than sufficient to deny Intervenors motion to unseal. Finally, even partial unsealing of the sealed supplement would be problematic under this Court's measures and increase the risk of physical harm to defendants in criminal cases.

<u>The Defendant's Sentencing Memorandum (ECF 30), Sentencing Exhibits (ECF 30.1)</u>

The government does not oppose unsealing the majority of the Defendant's Sentencing Memo, ECF 30, and the supporting exhibits, ECF 30.1. The government asks the Court to afford the Defendant an opportunity to file a redacted version of these filings, if he so choses. The government submits that opposing counsel may want to redact home addresses, names of minors, and/or phone numbers and email addresses in these filings.

<u>The Defendant's Sentencing Letter (ECF 34)</u>

The government has reviewed the contents of ECF 34. The government does not believe this filing should remain under seal.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/

Harry M. Gruber
Catriona Coppler
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201-2692
(410) 209-4835

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's filing was served via the Court's ECF system on counsel for the Defendant and the Intervenors.

________/s/_______________
Harry M. Gruber
Assistant United States Attorney