# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. GILLESPIE,<br><br>Defendant. | Case No.: RDB-23-0321 |

## PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION, TO UNSEAL JUDICIAL RECORDS, AND FOR NARROW IN CAMERA REVIEW

## INTRODUCTION

1. The government's response narrows this motion to one real dispute. The government does not oppose limited intervention. ECF No. 45 at 2. It does not oppose unsealing ECF No. 34 or "the majority" of ECF No. 30 and its exhibits. *Id.* at 5. It confirms that Government Exhibit 1 "was played in open court at sentencing" and offers to make it available. *Id.* at 3. It represents that ECF Nos. 23 and 32 exist only in their public forms. *Id.* at 2–3. What remains is ECF No. 24 and, conditionally, ECF No. 26, and on those the government offers a practice where the Fourth Circuit requires findings.

2. Vertex and Aching Oak therefore ask the Court to enter the unopposed relief now, to order Exhibit 1 lodged for inspection and copying, to set a short deadline for the defendant's redactions to ECF No. 30, and to review ECF No. 24 in camera for segregable identity information. The presentence report need not be reached.

## ARGUMENT

### I. The government concedes intervention, and the stray draft language it identifies does not change that result.

3. The government agrees that Vertex and Aching Oak "appear to satisfy the standards discussed in *Bas*" for limited intervention. ECF No. 45 at 2. That concession tracks the rule that "anyone who seeks and is denied access to judicial records sustains an injury." *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014). The Court should grant limited intervention.

4. The government's footnote correctly notes that paragraph 11 of the filed motion contains bracketed text. ECF No. 45 at 2 n.1. That text came from a prior draft. The wrong version was filed, and Vertex and Aching Oak apologize to the Court and the Government. The bracketed material was never part of the motion's basis. Vertex and Aching Oak move under the First Amendment right of access, which belongs to every member of the public and requires no showing of a particularized stake, and the motion said as much in the sentence that follows the brackets, that the First Amendment "supplies an independent interest even without them." ECF No. 43 at 4.

5. The public right is complete when access is sought and denied, because "anyone who seeks and is denied access to judicial records sustains an injury," and the government concedes that Vertex and Aching Oak meet that standard. *Pub. Citizen*, 749 F.3d at 263; ECF No. 45 at 2. Vertex and Aching Oak accordingly withdraw the bracketed sentences of paragraph 11 and rely on the First Amendment and common-law

rights of access set out in paragraphs 12 through 15 of the motion. If the Court prefers a corrected motion, they will file one within any period the Court sets.

## II. The government's representations resolve ECF Nos. 23, 32, and 34, so the Court should unseal ECF No. 34 and note that no other versions of ECF Nos. 23 and 32 exist.

6. The motion sought ECF Nos. 23 and 32 only in "any unredacted judicial versions" submitted to the Court, and stated that if no such versions exist "this motion does not require anyone to create them." ECF No. 43 at 1, 6. The government responds that both documents "are not under seal" and are available on PACER. ECF No. 45 at 2–3. Vertex and Aching Oak read that response as a representation that the public versions are the only versions the Court received. On that representation, nothing remains to decide as to ECF Nos. 23 and 32, and the Court may so note in its order.

7. ECF No. 34 is now unopposed. The government "has reviewed the contents of ECF 34" and "does not believe this filing should remain under seal." ECF No. 45 at 5. The only party that sought sealing was the defendant. The Court should unseal ECF No. 34 in full.

## III. The government's concession that Exhibit 1 was played in open court establishes its status as a judicial record, so the Court should order it lodged and made available for inspection and copying.

8. The motion asked the Court to determine whether Government Exhibit 1, the "Covert Video of Gillespie Bribe Payment," was "admitted, played, reviewed, or relied upon." ECF No. 43 at 4, 12. The government answers that the video "was played in open court at sentencing." ECF No. 45 at 3. That answer settles the predicate. A video played to the Court at the sentencing hearing is among the "documents filed in

connection with plea hearings and sentencing hearings in criminal cases" that the First Amendment reaches, and its later return to counsel did not change what the Court saw before imposing sentence. *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

9. The government offers to "supply it to the Court for review by the Intervenors in the Clerk's Office." ECF No. 45 at 3. Vertex and Aching Oak accept that offer as a starting point and ask the Court to order it, with one adjustment. The right of access is a right "to inspect and copy," so the order should direct the government to lodge a copy with the Clerk and permit Vertex and Aching Oak to inspect it and obtain a copy, subject only to redactions the Court supports with the findings that govern every other judicial record. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The government identifies no such redaction.

## IV. The government's non-opposition on ECF Nos. 30 and 30.1 should produce an order with a deadline, Rule 49.1 redactions, and findings for anything more.

10. The government "does not oppose unsealing the majority" of ECF No. 30 and its exhibits and asks only that the defendant be permitted to redact "home addresses, names of minors, and/or phone numbers and email addresses." ECF No. 45 at 5. The motion anticipated exactly that. It asked the Court to redact only what a present interest and a "substantial probability" of harm actually require and to "release everything else." ECF No. 43 at 7; *United States v. Doe*, 962 F.3d 139, 146–47 (4th Cir. 2020). Vertex and Aching Oak do not oppose redaction of the categories the government lists, which largely track the identifiers that Federal Rule of Criminal Procedure 49.1(a) already requires every filer to redact.

11. But the government's proposal has no deadline and no default. It would let the defendant file a redacted version "if he so choses," and if he files nothing, the sealing the government no longer defends would continue by inertia. ECF No. 45 at 5. So the Court should order that within fourteen days the defendant file public versions of ECF Nos. 30 and 30.1 redacted only for the categories above, that any further redaction be requested by motion with the "specific factual representations" Local Rule 207.2 requires, and that if no redacted version is filed by the deadline the Clerk unseal both documents in full. Sealing must rest on "specific factual findings," not "conclusory assertions alone," and that rule governs the next sealing request as much as the first. *Doe*, 962 F.3d at 147.

## V. The government's "every case" practice cannot substitute for the document-specific findings *Doe* requires, so the Court should review ECF No. 24 in camera.

12. The government's answer on ECF No. 24 is that "this Court has adopted a practice of sealing the sealed supplement to the plea agreement in every case," that "certain criminal materials must remain under seal in all cases," and that "even partial unsealing" would be "problematic." ECF No. 45 at 3, 5. The response does not say that ECF No. 24 names any participant, does not identify an ongoing investigation, does not describe a current risk to any person, and attaches no declaration. It rests on practice.

13. A practice is not a finding. The Fourth Circuit requires the Court to decide the source of access "with respect to each document," to find a "compelling interest," a "substantial probability" of harm, and that "there are no alternatives to closure," and to do so through "specific factual findings." *Doe*, 962 F.3d at 145–47. Those requirements

apply even where a district follows a uniform sealing practice, because "where a party raises a question as to a sealing decision, the court must make a determination considering the specific facts of the case." *Id.* at 152 n.14. A rule that a class of judicial records stays sealed "in all cases" is the opposite of a document-specific finding, and the First Amendment reaches "documents filed in connection with plea hearings." *Washington Post*, 807 F.2d at 390. The supplement to a plea agreement is such a document.

14. Vertex and Aching Oak do not dispute what the government is protecting. The motion disclaimed any request for "whether Gillespie cooperated, what he disclosed, whom he implicated through cooperation, any promised benefit, any confidential investigative fact, or any information that could expose a witness to harm." ECF No. 43 at 8. The government quotes that passage and stops. ECF No. 45 at 3–4. It does not address the next paragraph, which asks only whether ECF No. 24 "also contains segregable information identifying a City official or employee, a charged or convicted participant, a person already publicly identified, or another participant whose identification would reveal no cooperation and create no specifically established current risk." ECF No. 43 at 8. "Protecting cooperators from harm is a compelling interest," but "conclusory statements cannot alone establish a substantial probability of harm," and the government has offered nothing else. *Doe*, 962 F.3d at 148.

15. In camera review answers the government's concern without touching the uniform practice it describes. The Court reads the document; no one else does. If ECF No. 24 contains no segregable identity information, the Court says so, under seal if

necessary, and the request ends with the practice intact. If it does, the Court decides whether release of that discrete item would itself signal cooperation or its absence, and the motion already asks the Court to withhold any item whose release "would necessarily expose cooperation, endanger a person, or compromise an active investigation." ECF No. 43 at 8–9. The government's objection is to a result the motion does not seek. The Court should review ECF No. 24 in camera and make the findings *Doe* requires.

## VI. The government's presentence-report argument seeks the disposition the motion already proposed, so the Court need not reach ECF No. 26.

16. The government devotes most of its response to the presentence report, arguing that Vertex and Aching Oak "have failed to meet the applicable standard" of "special need" and that disclosure is permitted only when "required to meet the ends of justice." ECF No. 45 at 4; *U.S. Dep't of Just. v. Julian,* 486 U.S. 1, 12 (1988); *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976). The motion did not ask the Court to release the report. It asked for in camera review of a discrete passage "only if less protected judicial records fail to supply the information," and it asked that otherwise the Court deny the request "without prejudice to renewal upon a more specific factual showing." ECF No. 43 at 12. The government's argument therefore seeks the disposition the motion already proposed. The Court should resolve ECF Nos. 24, 30, and 34 and Exhibit 1 first; if those records identify the participants, the request as to ECF No. 26 ends on its own terms.

17. One point in the government's argument deserves an answer because it cuts the other way. The government says that "Intervenors could obtain that information

elsewhere in the public record," citing "the plea" and the Rule 11 and sentencing hearings. ECF No. 45 at 4–5. Yet the plea agreement and the government's sentencing memorandum identify Co-Conspirator 1, Co-Conspirator 2, and the City employee in "water" by label only. ECF No. 23 at 14–16; ECF No. 32 at 4–6. If the government knows a public source that names them, it should identify it, and every remaining request in this motion ends. If it does not, the information is not available elsewhere, and the government's own authority supplies no reason to deny review.

## CONCLUSION

18. Vertex and Aching Oak request an order (1) granting limited intervention; (2) unsealing ECF No. 34 in full; (3) directing the defendant to file within fourteen days public versions of ECF Nos. 30 and 30.1 redacted only for home addresses, names of minors, phone numbers, and email addresses, with any further redaction sought by motion supported by specific factual representations, and directing the Clerk to unseal both documents in full if no redacted version is timely filed; (4) directing the government to lodge a copy of Government Exhibit 1 with the Clerk and permitting Vertex and Aching Oak to inspect and copy it, subject only to redactions supported by specific findings; (5) noting the government's representation that no unredacted versions of ECF Nos. 23 and 32 were submitted to the Court; (6) reviewing ECF No. 24 in camera for segregable identity information and entering findings for any portion that remains sealed; and (7) deferring the request as to ECF No. 26 and, if reached, denying it without

prejudice. A practice is not a finding, and nothing in the government's response supplies one.

Respectfully submitted[1],

/s/ *Steven Tessler*
Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Counsel for Proposed Intervenors Vertex TL LLC and Aching Oak LLC*

**Certificate of Service**

I hereby certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

/s/ *Steven Tessler*
Steven Tessler

[1] Intervenor notes that by default all citations are cleaned up and emphasis is added unless otherwise noted.